DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
3:12-cv-772-GCM
(3:05-cr-294-GCM-4)

| | |
|---|---|
| EDWARD D. NEELY, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | **ORDER** |

This matter is before the Court on Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255 and Alternative Petitions for Relief under 28 U.S.C. § 2241 and § 1651, (Doc. No. 2), and on the Government's Motion to Dismiss Petitioner's Motion to Vacate, (Doc. No. 8).

**I. BACKGROUND**

On January 24, 2006, a federal grand jury charged Petitioner Edward Neely with conspiracy to distribute at least 50 grams of crack cocaine, in violation of 21 U.S.C. § 846 (Count One); possession with intent to distribute at least five grams of crack cocaine, in violation of 21 U.S.C. § 841 (Count Eight); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (Count Nine). See (Criminal Case No. 3:05-cr-294-GCM-4, Doc. No. 24: Indictment). The Government filed an information pursuant to 21 U.S.C. § 851, noticing Petitioner's prior 2001 conviction for conspiracy to possess with intent to sell cocaine. (Id., Doc. No. 94: Information Pursuant to 21 U.S.C. § 851). Petitioner faced eight to ten months of imprisonment for that conviction.[1] See (Id., PSR at ¶ 45).

---

[1] The PSR is not included on the docket sheet, so the Court is relying on the Government's assertion regarding the state court sentence.

1

Several months after the indictment was returned, Petitioner entered into a plea agreement with the Government in which he agreed to plead guilty to Counts Eight and Nine, and the Government agreed to dismiss the conspiracy count. See (Id., Doc. No. 102 at ¶¶ 1-2: Plea Agreement). Petitioner also agreed to cooperate with the Government in its ongoing investigation, with the hope of qualifying for a downward departure under U.S.S.G. § 5K1.1 or 18 U.S.C. § 3553(e). (Id. at ¶¶ 23-24). In exchange for the concessions made by the Government in the plea agreement, Petitioner agreed to waive his rights to contest the conviction and/or sentence in any post-conviction proceeding, except for claims of ineffective assistance of counsel, prosecutorial misconduct, or a specific challenge to the sentence that was inconsistent with any stipulated aspect of the plea agreement, or an unanticipated guidelines issue that this Court found and certified to be of such an unusual nature as to require review by the Fourth Circuit. (Id. at ¶ 20).

Petitioner entered his plea of guilty at a Rule 11 hearing before a magistrate judge, in which he stated, under oath, that he understood the charges against him, that he understood the minimum and maximum penalties that he faced, that he understood the terms of his plea agreement, and that he agreed to waive his rights to appeal or collaterally attack his conviction or sentence in a post-conviction proceeding with the three exceptions outlined above. See (Id., Doc. No. 109: Acceptance and Entry of Guilty Plea). After Petitioner entered his guilty plea, a probation officer prepared a pre-sentence report ("PSR"), calculating an offense level and recommending that Petitioner be designated a career offender based on his two prior convictions for felony possession with intent to sell/deliver cocaine. (Id., PSR at ¶ 35). The PSR noted that Petitioner faced terms of imprisonment of eight to ten months and ten to twelve months for each state conviction. (Id. at ¶¶ 45; 50). As a career offender, Petitioner faced an advisory guidelines

range of 262 to 327 months.

In anticipation of the sentencing hearing, the Government filed a motion for a downward departure pursuant to U.S.S.G. § 5K1.1 based on Petitioner's assistance in a related drug investigation. (Id., Doc. No. 214: Government's First Motion for Downward Departure). At the sentencing hearing, the Court granted the Government's motion for a departure and sentenced Petitioner to concurrent terms of 120 months of imprisonment on Counts Eight and Nine, which would run concurrently to the sentence imposed in Petitioner's other federal case (3:04cr171). (Id., Doc. No. 228: Judgment). The district court entered the judgment on February 19, 2008, and Petitioner did not appeal. More than three years later, Petitioner sought clarification from the Court on how his concurrent sentences should be calculated. On April 25, 2011, this Court entered an order amending the judgment to reflect Petitioner's term of imprisonment as 94 months of imprisonment, rather than 120 months. (Doc. No. 284: Order Granting Motion to Amend; Doc. No. 285: Amended Judgment).

Petitioner filed the instant petition on December 15, 2012. Petitioner challenges his sentence on various grounds under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). In addition to seeking relief under Section 2255, Petitioner also seeks alternative relief under 28 U.S.C. § 2241, and the under the writs of error coram nobis and audita querela.

**II. STANDARD OF REVIEW**

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and

governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Court first notes that the Section 2255 petition is subject to dismissal as time-barred because it was not filed within one year of when Petitioner's conviction became final under Section 2255(f)(1).[2] The Court further finds that, in any event, the Section 2255 petition and Petitioner's alternative claims for relief are also subject to dismissal because Petitioner explicitly waived in his plea agreement his right to challenge his sentence in a post-conviction proceeding, except for claims of ineffective assistance of counsel, prosecutorial misconduct, or a specific challenge to the sentence that was inconsistent with any stipulated aspect of the plea agreement, or an unanticipated guidelines issue that this Court found and certified to be of such an unusual nature as to require review by the Fourth Circuit. Such a waiver is enforceable as long as the defendant waives this right knowingly and voluntarily. See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005) ("A criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary.").

Here, Petitioner does not allege in his motion that his plea was either unknowing or involuntary, nor could he, as the Rule 11 colloquy establishes that he pled guilty understanding

---

[2] Petitioner contends that the petition is timely under Section 2255(f)(4) because it was filed within one year from ninety days after Simmons was issued. This argument has repeatedly been rejected in Simmons actions. See McLeod v. United States, No. 5:12cv622, 2013 WL 831633 (E.D.N.C. Mar. 6, 2013) (petitioner's motion to vacate seeking Simmons relief was not timely under Section 2255(f)(4)); Farmer v. United States, No. 5:02-CR-131-BO, 2012 WL 5835524, at *1 n.1 (E.D.N.C. Nov. 16, 2012) ("[T]he Court does not find that Simmons could be a new fact supporting [petitioner's] claim discoverable through the exercise of due diligence." (citations omitted)); United States v. Anderson, No. 0:04-353-CMC, 2012 WL 1594156, at *2 (D.S.C. May 7, 2012) (holding that Simmons "is not a 'fact' which triggers § 2255(f)(4)"), appeal dismissed, No. 12-6961 (4th Cir. Nov. 7, 2012); United States v. Hardison, No. 4:11-CV-196-FL, 4:08-CR-77-FL-2, 2011 WL 6780783, at *2 (E.D.N.C. Dec. 27, 2011) ("[T]he Fourth Circuit's decision in Simmons does not constitute a 'fact supporting [petitioner's] claim.'" (latter alteration in original)).

4

the charge to which he was pleading guilty as well as the consequences of his plea, including his waiver of his right to challenge his sentence in a Section 2255 post-conviction proceeding. Petitioner's Simmons claim does not present either a claim of ineffective assistance of counsel or a claim of prosecutorial misconduct, nor does his claim meet the stringent requirements of the other exceptions to his post-conviction waiver. Accordingly, none of the exceptions to his waiver applies and, even if not time-barred, his Section 2255 motion and his alternative claims for relief would be subject to dismissal because he waived his right to challenge his sentence in this action. Accord United States v. Copeland, 707 F.3d 522, 529-30 (4th Cir. 2013) (dismissing appeal of defendant challenging sentencing enhancement in light of Simmons because defendant waived his right to appeal his sentence in his plea agreement).

IV. CONCLUSION

In sum, for the reasons stated herein, Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255 and Alternative Petitions for Relief under 28 U.S.C. § 2241 and § 1651 is dismissed. To this extent, the Court will grant the Government's pending motion to dismiss.

**IT IS THEREFORE ORDERED THAT**:

1. Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255 and Alternative Petitions for Relief under 28 U.S.C. § 2241 and § 1651, (Doc. No. 2), is **DENIED** and **DISMISSED** with prejudice.

2. The Government's Motion to Dismiss, (Doc. No. 8), is **GRANTED**.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable

jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: August 20, 2013

Graham C. Mullen
United States District Judge